**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLLEEN M. GOODBAR,

        Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

No. C 11-04572 SI

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; REMANDING TO AGENCY**

The parties have filed cross-motions for summary judgment in this Social Security appeal. Based upon the Court's review of the parties' papers and the administrative record, the Court hereby GRANTS plaintiff's motion, DENIES defendant's motion, and REMANDS to the Social Security Administration for further proceedings consistent with this Order.

**BACKGROUND**

On October 15, 2008, plaintiff Colleen M. Goodbar filed a claim for Disability Insurance Benefits under Title II of the Social Security Act, alleging disability beginning July 1, 2007. Administrative Record ("AR") 134. Plaintiff claimed she was unable to work as a result of acquiring fibromyalgia, allegedly causing plaintiff to experience "daily moderate to severe pain, aggravated by any physical activity." *Id*. at 355. Complaining of total body pains, painful joints, the swelling of her hands and fingers, numbness in her face, migraines, and chronic pain, among other symptoms, plaintiff visited many physicians. *Id.* at 149. Her diagnoses included a "complicated case of fibromyalgia," post-

1   traumatic stress disorder, major depression, chronic pain, hypothyroidism, and gastroesophageal reflux

2   disease. *Id.* at 271, 354.

3         On January 17, 2009, Dr. Doug Dolnak, a State agency psychiatric consultant who examined

4   plaintiff, diagnosed plaintiff with fibromyalgia and opined that plaintiff "can perform simple and

5   repetitive tasks[,] . . . would have some mild difficulty with detailed and complex tasks secondary to

6   mild difficulty with attention and concentration related to depression and anxiety," but opined that

7   plaintiff "can maintain regular attendance in the workplace." *Id.* at 213-14.  On February 1, 2009, Dr.

8   Philip Seu, a State agency internist consultant who examined plaintiff, confirmed the fibromyalgia

9   diagnosis. *Id.* at 219.  He stated that plaintiff would be able to stand or walk in an eight-hour workday

10  for six hours with a break every hour, can lift and carry 20 pounds occasionally and 10 pounds

11  frequently, has no postural limitations, and can perform most reaching, handling, and fingering with

12  either hand. *Id.*  On February 17, 2009, Dr. Esprin, a State agency medical examiner , adopted Dr. Seu's

13  findings, but determined plaintiff had further postural and manipulative limitations.  *Id.* at 223.  Dr.

14  Esprin found that plaintiff could stand or walk in an eight-hour workday for six hours, but contrary to

15  Dr. Sue, found that plaintiff needed only normal breaks.  *Id.*  On July 13, 2009, Dr. Ekaterina

16  Malinovsky, plaintiff's treating physician for two years, opined that plaintiff cannot work and needs to

17  be on disability because she will not be able to keep a job in the foreseeable future. *Id.* at 271.  Dr.

18  Malinovsky also found that plaintiff has "a depressed and anxious mood due to a Post Traumatic Stress

19  Disorder." *Id.*

20        The Social Security Administration ("SSA") initially denied plaintiff's disability claim on March

21  23, 2009. *Id.* at 58.  SSA denied her claim again upon reconsideration on May 5, 2009.  *Id.* at 65.

22  Plaintiff requested a hearing on June 15, 2009, and appeared before an Administrative Law Judge

23  ("ALJ") on June 24, 2010. *Id.* at 70.  She testified along with a vocational expert ("VE"). *Id.* at 32-55.

24  Following the hearing, the ALJ denied her claim on July 22, 2010. *Id.* at 23.

25        The ALJ reached his decision after applying the five-step sequential evaluation procedure set

26  forth in 20 C.F.R. § 404.1520(a)(4).  The ALJ found at step one that the claimant did not engage in

27  substantial gainful activity during the period at issue. AR 17.  Since she "had marginal earnings of $497

28  in 2008," the ALJ found that "the earnings did not rise to the level of substantial gainful activity." *Id.*

**United States District Court**
For the Northern District of California

2

1    At step two, the ALJ determined that plaintiff had no severe impairment or combination of impairments

2    besides fibromyalgia and obesity. *Id.* In making this limited determination, he was persuaded by

3    plaintiff's own testimony that her thyroid symptoms were controlled by medication, *id.* at 41, 294, and

4    the objective evidence suggesting that plaintiff's mental impairments do not cause more than a minimal

5    limitation. *Id.* at 17.

6         At step three, the ALJ found that plaintiff had no impairments that met or medically equaled one

7    of the administrative regulations' listed impairments. *Id.* At step four, he determined plaintiff's residual

8    functional capacity ("RFC") as follows:

9

10        [T]he claimant has the residual functional capacity to perform a limited range
          of light work as defined in 20 C.F.R. § 404.1567(b). She can (i) lift/carry up
          to 25 pounds occasionally and 10 pounds frequently; and (ii) sit for up to 6

11        hours, and stand or walk for approximately 6 hours, in an 8 hour workday,
          with normal breaks. She can climb ramps or stairs, and ladders, ropes or

12        scaffolds, occasionally. She can balance, stoop kneel, crouch and crawl,
          occasionally. Finally, she can push/pull with the right upper extremity

13        occasionally, and can handle and finger with both hands frequently.

14   *Id.* at 19.

15        In making this finding, the ALJ relied "for the most part on the physical residual functional

16   capacity assessment of . . . medical examiner H. M. Estrin, M.D." *Id.* at 21. Also, the ALJ found

17   plaintiff's allegations "that her pain was constant and debilitating" not credible. He reasoned that the

18   medical evidence, viewed most favorably to plaintiff, shows that "she experiences only localized and

19   intermittent pain of reasonably short duration," her pain is managed with medication, and that plaintiff

20   testified that her medication has positive effects which allow her to perform physical activity. *Id.* at 22.

21   Finally, the ALJ accorded less probative weight to Dr. Malinovsky's medical opinion, since it

22   contradicted the rest of the objective medical evidence. *Id.* The ALJ then determined, during step four,

23   that plaintiff was not disabled because she could perform her past work as a cash accounting clerk and

24   as an accounting clerk. The ALJ did not proceed to step five.

25        After the ALJ denied her claim, plaintiff filed a complaint with this Court on September 14,

26   2011, seeking judicial review of the Commissioner's final decision pursuant to 42. U.S.C. § 405(g).

27   Both parties have moved for summary judgment.

28

**United States District Court**
For the Northern District of California

3

**United States District Court**
**For the Northern District of California**

**STANDARD OF REVIEW**

A district court's review of a disability determination is limited, and a final administrative decision may be altered only if it is not supported by substantial evidence or if it is based on legal error. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005) (citation and internal quotation omitted). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Even if substantial evidence supports the ALJ's factual findings, the decision must be set aside if improper legal standards were applied in reaching that decision. *See Frost v. Barnhart*, 314 F.3d 359, 367 (9th Cir. 2002).

**DISCUSSION**

In her appeal, plaintiff makes two arguments. First, plaintiff asserts that the ALJ erred when formulating plaintiff's RFC by improperly rejecting (1) Dr. Dolnak's opinion regarding plaintiff's alleged mental impairments, and (2) Dr. Seu's opinion that plaintiff can stand or walk at work for six hours in an eight-hour workday with breaks every hour. Specifically, in regard to the rejection of Dr. Dolnak's opinion, plaintiff argues that the ALJ committed legal error by not considering, as required by 20 C.F.R. § 404.1545, plaintiff's nonsevere mental impairments in the RFC analysis. Second, plaintiff asserts that the ALJ improperly discredited her subjective complaints.

For the reasons described below, the Court finds that the ALJ erred at step four, during his RFC analysis, by (1) failing to address Dr. Dolnak's opinion regarding plaintiff's mental impairments, and (2) failing to address Dr. Seu's opinion regarding plaintiff requiring hourly breaks at work. The Court does not find that the ALJ improperly discredited plaintiff's testimony. Therefore, the Court remands to the ALJ in order to: (1) address plaintiff's alleged mental impairments in his RFC analysis and explain why the alleged mental impairments will not prohibit plaintiff from performing her past work, and (2) address Dr. Seu's opinion about plaintiff requiring hourly breaks at work in his RFC analysis.

**United States District Court**
For the Northern District of California

**1.      Improperly Rejecting Medical Evidence**

The ALJ should, at the very least, provide "specific and legitimate" reasons in the decision for either expressly or implicitly rejecting the opinions of a medical expert or examining physician. *Murphy v. Comm'r Soc. Sec. Admin.*, 423 F. App'x 703, 705 (9th Cir. 2011) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1996)).

**A.      Dr. Dolnak's Opinion**

Plaintiff contends that the ALJ committed legal error by not including plaintiff's nonsevere mental impairments in his RFC analysis.  The Court agrees.  Defendant argues that "[t]he ALJ is not required to include in [p]laintiff's RFC mental limitation[s] that are not more than mild or moderate." Def. Mot. at 4.  However, even if plaintiff's mental impairments are not severe, the ALJ must consider all impairments, severe and nonsevere, in the remaining steps.  *See* 20 C.F.R. § 404.1545(e).

In assessing plaintiff's RFC and determining that plaintiff could work as a cash accounting clerk and an accounting clerk, the ALJ did not discuss plaintiff's mental limitations.  Also, the hypothetical questions that the ALJ posed to the vocational expert similarly failed to include any mention of plaintiff's alleged mental impairments.  The evidence indicates that plaintiff "would have some mild difficulty performing work activities . . . without special or additional supervision regarding . . . periods of depression and anxiety," AR 214 (Dr. Dolnak); plaintiff has an adjustment disorder, mixed anxiety, and depression, *id.* at 227 (Dr. Estrin); plaintiff has a mood disorder, *id.* at 240 (Dr. Suansilppongse); and plaintiff has "a depressed and anxious mood due to a Post Traumatic Stress Disorder." *Id.* at 271 (Dr. Malinovsky).  The ALJ merely states, in step three, that the RFC "reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." *Id.* at 19.  This is insufficient, and does not demonstrate that the ALJ fully considered plaintiff's nonsevere impairments in his RFC analysis during step four.  *See* 20 C.F.R. § 404.1545(e).

**B.      Dr. Seu's Opinion**

Plaintiff contends that the ALJ ignores Dr. Seu's finding that plaintiff "should be able to stand or walk in an eight-hour workday" for six hours "with breaks every hour." AR at 219.  Defendant

United States District Court
For the Northern District of California

1    argues that the ALJ actually agreed with and adopted Dr. Seu's findings by basing his RFC analysis on

2    Dr. Estrin's opinion—which accepts Dr. Seu's findings.  Also, defendant contends that the ALJ gave

3    plaintiff the "benefit of the doubt" by adopting Dr. Estrin's opinion because Dr. Estrin, compared to Dr.

4    Seu, found that plaintiff had a greater degree of postural and manipulative limitation.  Def. Mot. at 4.

5           The Court agrees with defendant that adopting Dr. Estrin's opinion was favorable to plaintiff

6    because Dr. Estrin, compared to Dr. Seu, found that plaintiff possesses a greater degree of exertional,

7    postural, and manipulative limitation.  However, during the RFC analysis, the ALJ ignored Dr. Seu's

8    opinion regarding plaintiff having hourly, as opposed to normal, breaks at work.  Whether plaintiff

9    needs hourly or normal breaks should be a factor in both the determination of plaintiff's RFC and the

10    kind of work plaintiff is capable of performing.  Therefore, the Court remands and directs the ALJ to

11    either include Dr. Seu's opinion in the RFC analysis, or provide explanation for ignoring or rejecting

12    it.

13

14    **2.**       **Rejecting Plaintiff's Testimony**

15           Plaintiff argues that the ALJ erred by failing to provide specific reasons for the rejection of

16    plaintiff's testimony regarding her constant and debilitating pain.  An ALJ cannot "reject a claimant's

17    complaints [without] specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (internal citations

18    omitted).  Further, "[g]eneral findings are insufficient; rather the ALJ must identify what testimony is

19    not credible and what evidence undermines the claimant's complaints." *Id*. (citing *Dodrill v. Shalala*,

20    12 F.3d 915, 918 (9th Cir.1993)).

21           Here, the ALJ determined that "the claimant's medically determinable impairments could

22    reasonably be expected to cause the alleged symptoms[,]" but found plaintiff's testimony regarding "the

23    intensity, persistence and limiting effects" of her symptoms not credible.  *Id.* at 20.  No evidence of

24    malingering exists in this case; therefore, the ALJ was required to offer "specific, clear and convincing

25    reasons" for rejecting plaintiff's testimony.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)

26    (internal citations omitted).

27           The Court finds that the ALJ met this standard.  As in the Ninth Circuit cases which have

28    upheld ALJ rejections of claimants' testimony, the ALJ in this case "pointed to specific evidence in the

United States District Court
For the Northern District of California

1   record . . . that undermined" the plaintiff's testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d

2   685 (9th Cir. 2009).  Here, the ALJ pointed to specific evidence in the record to show that plaintiff

3   reported to her medical examiners that: her pain was improving and could be managed with morphine;

4   there were positive effects of the medication in relieving her pain; she was sleeping better; and she

5   regained the ability to perform and tolerate activities. *See* AR 324-332.  Therefore,"specific, clear and

6   convincing reasons" for rejecting plaintiff's testimony were provided. *Lingenfelter*, 504 F.3d at 1036

7   (internal citations omitted).

8

9                                    **CONCLUSION**

10          For the foregoing reasons, the Court GRANTS plaintiff's motion for summary judgment and

11   DENIES defendant's motion for summary judgment.  Docket Nos. 15 & 16.  The Court REMANDS to

12   the Social Security Administration for further proceedings consistent with this Order.

13

14

15          **IT IS SO ORDERED.**

16

17   Dated:  November 26, 2012

18                                                                SUSAN ILLSTON
                                                                  United States District Judge

19

20

21

22

23

24

25

26

27

28