UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN M. GOODBAR,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | Case No. 11-cv-04572-SI<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 22 |

Now before the Court is plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 22. The government does not assent nor object to the fee request. Dkt. No. 23 at 2.

Attorney Steven G. Rosales represented plaintiff before this Court on appeal of her application for Disability Insurance Benefits under Title II of the Social Security Act. By Order dated November 26, 2012, this Court granted plaintiff's motion for summary judgment, denied defendant's motion for summary judgment, and remanded for further proceedings to the Social Security Administration. Dkt. No. 17. On February 5, 2013, pursuant to stipulation, this Court approved an award of $3,500.00 in attorney's fees, costs, and expenses to plaintiff under the Equal Access to Justice Act ("EAJA"). Dkt. No. 21. On September 26, 2014, the Administrative Law Judge ruled in plaintiff's favor and awarded plaintiff past-due benefits totaling $62,694.00. Dkt. Nos. 22-2 at 1, 22-3 at 6. The Social Security Administration withheld $15,673.50 of the award, equal to twenty-five percent of the past-due benefits, in the event plaintiff's counsel were to petition for attorney's fees. Dkt. No. 22-3 at 6. Plaintiff's counsel now seeks an award under 42 U.S.C. § 406(b), of $15,673.50 in attorney's fees. Dkt. No. 22.

Section 406(b) provides that when a plaintiff prevails on a judgment, the Court may allow

a reasonable fee for plaintiff's counsel, which can be no more than twenty-five percent of the total past-due benefits awarded to plaintiff. 42 U.S.C. § 406(b)(1)(A). The court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court should consider the character of the representation and the results achieved in making its determination. *Id.* at 808. An award of Section 406(b) fees is offset by any award of attorney's fees granted under the EAJA: "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted).

In this case, the retainer agreement entitles plaintiff's counsel to a maximum of twenty-five percent of the past-due benefits for successful work performed. Dkt. No. 22-1. In support of the motion, plaintiff's counsel has submitted a declaration describing time spent on the case, setting forth counsel's experience, and attaching the retainer agreement. *See* Rosales Decl. ¶¶ 2, 5, 7. The fee award would require plaintiff's counsel pay back to plaintiff the $3,500.00 already awarded to counsel under the EAJA. *See Gisbrecht*, 535 at 796; Rosales Decl. ¶ 6.

The Court finds that the amount of fees sought is reasonable. As an initial matter, the Court finds that the fee agreement is within the statutory ceiling set by Section 406(b). The fee agreement between plaintiff and her counsel provides that if plaintiff received a favorable decision, plaintiff would pay counsel a fee no greater than twenty-five percent of her past-due benefits. Rosales Decl., Ex. 1. The Court further finds that plaintiff's counsel achieved positive results in the case; plaintiff's counsel succeeded in having this matter remanded back to the Social Security Administration, which then awarded plaintiff past-due as well as ongoing benefits. Plaintiff's counsel and his legal staff spent 20.3 hours on the matter, for an effective hourly rate of $772.09. *See* Rosales Decl. ¶ 5. An hourly rate of $772.09 for an attorney who has been practicing in matters of Social Security law since 2002 is not unreasonable. *See e.g. Villa v. Astrue*, No. CIV-S-06S0846, 2010 WL 118454, at *1 (E.D. Cal. Jan. 7, 2010); *see also* Rosales Decl. ¶ 7. After review of the record, the Court finds that the requested attorney's fees are reasonable and do not constitute a windfall. *See Gisbrecht*, 535 U.S. 789.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for attorney's fees and awards fees in the amount of $15,673.50 pursuant to 42 U.S.C. § 406(b). The Court further ORDERS plaintiff's counsel to reimburse plaintiff the $3,500.00 previously awarded pursuant to the Equal Access to Justice Act. The Commissioner shall pay the attorney's fees to plaintiff's counsel out of the withheld amount within 30 days of the date of this order.

**IT IS SO ORDERED**.

Dated: November 2, 2015

_____
SUSAN ILLSTON
United States District Judge